ANGELO PATERA et al., Appellants, et al., Plaintiffs, v. DECORATED METAL MANUFACTURING CO., INC., et al., Respondents.— In an action to recover wage increases alleged to be due under an agreement to pay such increases in the event they were authorized by governmental agencies, it appears that between the time of the making of the alleged agreement and the official authorization of the increases, the appellants left the employ of the corporate respondent and ceased paying dues to the local union represented by the individual respondents. The appeal is from so much of the judgment entered after trial before an Official Referee as dismissed the complaint as to appellants. Judgment insofar as appeal is taken unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. ANTHONY BION-DOLILLO, Respondent.— Appeal by the People of the State of New York from an order of the County Court, Kings County, which granted a motion in the nature of *coram nobis*, and vacated a sentence previously imposed on respondent in that court. On the trial which resulted in the sentence which was vacated, respondent had been represented by counsel. When he appeared for sentence, however, he was not so represented, nor was he advised of his right to counsel at that time. Before imposing sentence the County Judge stated to respondent, a second felony offender, that he did not think that there was much that a lawyer could do for respondent, and asked him if he wanted a lawyer to appear for him before judgment was pronounced. Respondent answered that he did not. The court therefore pronounced the judgment which was required by the statute. (Penal Law, § 1941.) The sentence has been vacated upon the ground that section 308 of the Code of Criminal Procedure requires that a defendant who appears for sentence in a criminal action, without counsel, must be advised of his right to be represented by counsel, and that the failure so to advise the respondent in the instant case deprived the County Court of jurisdiction to pronounce judgment. Order reversed on the law and motion to vacate judgment denied. On the record presented, respondent was not deprived of any right provided by section 308 of the Code of Criminal Procedure (*People* v. *De Maio*, 279 App. Div. 596, affd. 303 N. Y. 939), nor was he deprived of his right to be represented by counsel or denied due process of law in violation of his constitutional rights. He was no stranger to criminal procedure, and suffered no disadvantage, insofar as the record discloses, from the expression of opinion by the County Judge that counsel could be of little assistance to him, particularly when that expression of opinion was coupled with what appears to have been an offer to assign counsel if respondent so desired. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.